AO 91 (Rev. 11/82)

## CRIMINAL COMPLAINT

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|

| UNITED STATES OF AMERICA<br>v.<br>KELLY JAMES MORROW | DOCKET NO. |
| | MAGISTRATE'S CASE NO.<br>15-1037M |

Complaint for violation of Title 18, United States Code, Sections 2252A(a)(1) and 2252A(a)(5)(B)

| NAME OF MAGISTRATE JUDGE<br>HONORABLE ANDREW J. WISTRICH | UNITED STATES<br>MAGISTRATE JUDGE | LOCATION<br>Los Angeles, California |
|---|---|---|

| DATE OF OFFENSE<br>May 26, 2015 | PLACE OF OFFENSE<br>Los Angeles County | ADDRESS OF ACCUSED (IF KNOWN) |
|---|---|---|

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

### COUNT ONE
[18 U.S.C. §§ 2252A(a)(1), (b)(1)]

On or about May 26, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendant KELLY JAMES MORROW knowingly transported child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), in and affecting interstate and foreign commerce, knowing that the images were child pornography.

### COUNT TWO
[18 U.S.C. § 2252A(a)(5)(B)]

On or about May 26, 2015, in Los Angeles County, within the Central District of California, defendant KELLY JAMES MORROW ("MORROW") knowingly possessed an Apple iPad, Serial Number DLXJRG31F19K, that contained at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been shipped and transported using any means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE: N/A

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>**Aaron McClellan** |
|---|---|
| | OFFICIAL TITLE<br>Special Agent – Department of Homeland Security<br>Homeland Security Investigations |

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE[(1)]<br>ANDREW J. WISTRICH | DATE<br>June 4, 2015 |
|---|---|

[(1)] See Federal Rules of Criminal Procedure 3 and 54

AUSA MBS x3308      REC: Detention

## AFFIDAVIT

I, Aaron McClellan, being duly sworn, declare and state as follows:

### I.    INTRODUCTION

1.       I am a Special Agent ("SA") with the Department of Homeland Security ("DHS"), Homeland Security Investigations ("HSI") and have been so employed for six years.  I am currently assigned to the HSI Child Exploitation Investigations Group ("CEIG").  My responsibilities with HSI include investigations into the sexual exploitation of children and child pornography in the Central District of California.  HSI is responsible for enforcing federal criminal statutes involving the sexual exploitation of children under Title 18, United States Code, Section 2251, et seq.  During my tenure as an SA with HSI, I have conducted and participated in numerous investigations of criminal activity, including investigations involving the sexual exploitation of children on the Internet and child pornography transmitted via computer.  During the investigation of these cases, I have participated in the execution of numerous search warrants and seized evidence of such violations.  I have attended training classes and seminars concerning computer crimes and the sexual exploitation of children on the Internet.  During the course of my employment as an SA, I have participated in numerous computer crime investigations.  In addition, I have received both formal and informal training from HSI and other institutions regarding computer-related investigations and computer technology.

### II.    PURPOSE OF AFFIDAVIT

2.       This affidavit is made in support of an application for a criminal complaint and arrest warrant for Kelly James MORROW for violations of 18 U.S.C. §§ 2252A(a)(1) (Transportation of Child Pornography), and 2252A(a)(5)(B) (Possession of Child Pornography).

3.       The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to merely show that there is sufficient probable cause for the requested criminal complaint and arrest warrant and does not purport to set forth all of my

[Instrumentality Protocol]

knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### III. DEFINITION OF TERMS

4.     The following terms have the indicated meaning in this affidavit:

a.     The terms "minor," "sexually explicit conduct," "visual depiction," "producing," and "child pornography" are defined as set forth in Title 18, United States Code, Section 2256.

b.     The term "computer" is defined as set forth in Title 18, United States Code, Section 1030(e)(1).

c.     The term "email" (electronic mail) is defined as the text messages sent from one person to another via a computer. Email may also include files sent as attachments. Email can also be sent automatically to a large number of addresses via a mailing list.

d.     The term "Internet" is defined as the worldwide network of computers – a noncommercial, self-governing network devoted mostly to communication and research with roughly 500 million users worldwide. The Internet is not an online service and has no real central hub. It is a collection of tens of thousands of computer networks, online services, and single user components. In order to access the Internet, an individual computer user must use an access provider, such as a university, employer, or commercial Internet Service Provider, which operates a host computer with direct access to the Internet.

e.     The term "Internet Protocol" ("IP") is defined as the primary protocol upon which the Internet is based. IP allows a packet of information to travel through multiple networks (groups of linked computers) on the way to its ultimate destination.

f.     The term "IP Address" is defined as a unique number assigned to each computer directly connected to the Internet (for example, 172.191.142.150). Each computer (or, in some cases, group of networked computers) connected to the Internet is assigned a unique IP address while it is connected. The IP address for a user may be relatively static, meaning it is

[Instrumentality Protocol]

assigned to the same subscriber for long periods of time, or dynamic, meaning that the IP address is only assigned for the duration of that online session.

        g.      The term "Internet Service Provider" ("ISP") is defined as a business that allows a user to dial into or link through its computers thereby allowing the user to connect to the Internet for a fee. ISPs generally provide only an Internet connection, an electronic mail address, and maybe Internet browsing software. A user can also connect to the Internet through a commercial online service such as AT&T, Verizon, or Time Warner Cable. With this kind of connection, the user gets Internet access and may also get the proprietary features offered by the online service, such as chat rooms and searchable databases.

        h.      The terms "jpeg," "jpg," "gif," "bmp," and "art" are defined as graphic image files, namely, pictures.

        i.      The terms "mpeg," "mpg," "mov," "avi," "rm," and "wmv" are defined as video or movie files. To use these video files, one needs a personal computer or other digital devices with sufficient processor speed, internal memory, and hard disk space to handle and play typically large video files. One also needs a video file viewer or client software that plays video files. One can download shareware or commercial video players from numerous sites on the Internet.

## IV.  STATEMENT OF PROBABLE CAUSE

### A.    SUMMARY OF INVESTIGATION

       5.      As set forth in greater detail below, on or about May 25, 2015, I received information from HSI's Cyber Crimes Center ("C3") regarding a United States citizen, Kelly James MORROW ("MORROW"), who was suspected of committing various child exploitation crimes while MORROW was in a foreign country. The National Center for Missing and Exploited Children ("NCMEC") had received information from the website Yahoo!, stating that MORROW had registered one or more file-sharing accounts on the Yahoo!-owned website, "Flickr." Yahoo! had closed the Flickr account(s) registered to MORROW based on violations of rules related to child pornography. One of the Flickr accounts closed by Yahoo! identified the

[Instrumentality Protocol]

subscriber as "Kelly Morrow" with a phone number and email address.  On or about May 26, 2015, MORROW arrived at Los Angeles International Airport ("LAX") inbound from Malaysia. MORROW was subjected to secondary screening procedures and, during the course of the interview, provided the same telephone number and email address that was used to register a Flickr account linked to MORROW.  Following a border search of MORROW's digital devices, agents found thousands of images of child pornography, including images that appear to show MORROW himself engaging in sex with minor boys.

### B.    CYBERTIP REPORTS

6.    On or about May 25, 2015, I reviewed CyberTip reports that were provided by NCMEC as a result of images of suspected child pornography uploaded to MORROW's Flickr accounts.[1]  The information I obtained from the CyberTip reports is set forth below:

Cybertip Report 3481888

a.    On or about January 15, 2015, Yahoo! reported to NCMEC that approximately eight images of suspected child pornography were uploaded to a Flickr account registered to MORROW.  Additionally, Yahoo! provided the following registration information for that account:

    i.    Name: Kelly Morrow

    ii.    Phone: 1 6029032040

    iii.    Email Address: kjm_imagine@yahoo.com

---

[1] NCMEC is a nonprofit organization in the United States working with law enforcement on issues relating to missing and exploited children.  NCMEC provides information it receives from the public and Electronic Service Providers ("ESP") to law enforcement agencies.  ESPs are companies such as Google, Yahoo!, and AOL, which provide free and paid services online. These services may include e-mail, instant messaging, and online storage.  The information is sent by NCEMC to law enforcement as CyberTipline reports.  According to NCMEC's website, CyberTipline is defined as follows:

The CyberTipline is operated in partnership with the FBI, Immigration and Customs Enforcement, U.S. Postal Inspection Service, U.S. Secret Service, military criminal investigative organizations, U.S. Department of Justice, Internet Crimes Against Children Task Force program, as well as other state and local law enforcement agencies.  Reports to the CyberTipline are made by the public and Electronic Service Providers.  ESPs are required by law to report apparent child pornography to law enforcement via the CyberTipline (18 U.S.C. § 2258A).

[Instrumentality Protocol]

      iv.     Screen/User Name: 32635948@N08

      v.     IP Address: 118.100.25.22 (Upload) 01-13-2015  12:55:57 UTC

      vi.     Additional Information: Alternate Email: kj.morrow@yahoo.com

    b.     Yahoo! also provided the eight images that were uploaded to this account. I have reviewed these images. All eight images depict a combination of four nude boys, who appear to be approximately eight to 12 years old. The boys in the photographs are fishing. It should be noted that all four boys were not depicted together in every image.

Cybertip Report 3481919

    a.     On or about January 15, 2015, Yahoo! reported to NCMEC that approximately 102 images of suspected child pornography were uploaded to a Flickr account associated with MORROW. Although full registration information was not provided, Yahoo! indicated that the Screen/User Name was the same as that referenced above (32635948@N08). In addition, the IP Address was the same (118.100.25.22).

    b.     Yahoo! also provided the 102 images that were uploaded to this account. Not all 102 images depict naked children or children engaged in sexually explicit acts. However, there are images of naked children in sexually explicit positions. The following is a description of two of the images uploaded to this account, which I have viewed:

      i.     On or about October 26, 2014, an image titled "img.2481" was uploaded and depicts two minor boys who appear to be between eight and 12 years old. Both of the boys are naked and in what appears to be an inflatable swimming pool. Both boys are lying on their left side. One boy is holding the other boy around the waist and appears to have his hand between the legs of the boy in front of him.

      ii.     On or about October 26, 2014, an image titled "img.2026" was uploaded and depicts four individuals, three of whom are minor boys that appear to be between eight and 12 years-old. The age and sex of the fourth individual cannot be determined. The three visible boys are nude. Two are standing next to a hammock. The third nude boy is getting

[Instrumentality Protocol]

off of the hammock and is being assisted by one of the other children. His penis and the penis of one of the standing children are readily visible.

Cybertip 3481904

a.       On or about January 15, 2015, Yahoo! reported to NCMEC that approximately 162 images of suspected child pornography were uploaded to a Flickr account associated with MORROW. Although full registration information was not provided, Yahoo! indicated that the Screen/User Name was the same as that referenced above (32635948@N08). In addition, the IP Address was the same (118.100.25.22).

b.       Yahoo! also provided the 162 images that were uploaded to this account. Not all 162 images depict naked children or children engaged in sexually explicit acts. However, there are images of naked children in sexually explicit positions. The following is a description of two of the images uploaded to this account, which I have viewed:

i.       On or about January 13, 2015, an image titled "img.3867" was uploaded and depicts two minor boys that appear to be between eight and 12 years old. Both boys are nude, lying face down on what appears to be a bed or sofa, playing a video game. The two boys have their knees bent, with their legs pulled up towards their backs. Their buttocks and scrotums are visible for the camera. There is a third individual in the image, but he is clothed and can only be seen from behind.

ii.       On or about January 13, 2015, an image titled "img.3854" was uploaded and depicts a prepubescent minor boy who appears to be approximately two years old. The child is clothed and standing. However, the material that would cover the child's groin area is missing and his penis is exposed and readily visible to camera.

Cybertip 3481889

a.       On or about January 15, 2015, Yahoo! reported to NCMEC that approximately 55 images of suspected child pornography were uploaded to a Flickr account associated with MORROW.   Although full registration information was not provided, Yahoo!

[Instrumentality Protocol]

indicated that the Screen/User Name was the same as that referenced above (32635948@N08). In addition, the IP Address was the same (118.100.25.22).

        b.      Yahoo! also provided the 55 images that were uploaded to this account. Not all 55 images depict naked children or children engaged in sexually explicit acts. However, there are images of naked children in sexually explicit positions. The following is a description of two of the images uploaded to this account, which I have viewed:

        i.      On or about January 13, 2015, an image titled "img.4097" was uploaded and depicts a minor boy who appears to be between 10 and 12 years old. The boy is nude and standing. The boy is exercising with dumbbells and his penis is readily visible to the camera.

        ii.      On or about January 13, 2015, an image titled "img.4132" was uploaded and depicts two minor boys who appear to be between eight and 12 years old. The two boys are nude and wrestling on what appears to be a bed or sofa. One child is on his back, on a bed or sofa. The other boy is lying on his back, on top of the other child. The penis of the boy on top is visible to the camera.

        <u>Cybertip 3481929</u>

        a.      On or about January 15, 2015, Yahoo! reported to NCMEC that approximately 61 images of suspected child pornography were uploaded to a Flickr account associated with MORROW. Although full registration information was not provided, Yahoo! indicated that the Screen/User Name was the same as that referenced above (32635948@N08). In addition, the IP Address was the same (118.100.25.22).

        b.      Yahoo! also provided the 61 images that were uploaded to this account. Not all 61 images depict naked children or children engaged in sexually explicit acts. However, there are images of naked children in sexually explicit positions. The following is a description of two images uploaded to this account, which I have viewed:

        i.      On or about July 1, 2012, an image titled "img.1093" was uploaded and depicts a minor boy who appears to be between eight and 10 years old. The boy is

[Instrumentality Protocol]

nude and standing in a river or stream.  The boy is bent over slightly at the waist with his hands hanging in the water.  His penis is hanging down between his legs and readily visible to the camera.

    ii.  On or about July 1, 2012, an image titled "img.1090" was uploaded and depicts a minor boy who appears to be between eight and 10 years old.  The boy is nude and standing in a river or stream.  The penis of the boy is readily visible to the camera.

### C.  MORROW'S FACEBOOK INFORMATION

    7.  I have learned through my work in this investigation and conversations with other agents involved that, on or about January 22, 2015, C3 also obtained MORROW's publicly-available Facebook information.  Upon receiving MORROW's Facebook profile, HSI CEIG began researching his account activity, postings, pictures etc.  Agents then identified MORROW as having direct access to at least some of the children that were described above as being photographed nude and uploaded to MORROW's Flickr accounts.  I have reviewed these photos and Facebook postings and observed the following:

    a.  For example, one photo on MORROW's Facebook account, dated February 9, 2010, depicts four minor boys who are clothed and appear with a person later identified as MORROW's adult brother.  MORROW posted the photo with the comment, "My brother Brian at Wades home with Jack, Jake, and Tony."  Based on my review, these boys appear to be some of the same boys who are depicted nude in the images uploaded to MORROW's Flickr accounts.

    b.  Another photo on MORROW's Facebook account depicts two minor boys who are clothed and sitting in a vehicle with MORROW[2] standing outside of the vehicle next to the boys.  MORROW posted the photo with the comment, ". . . this is the day that I was called brother of Jifang, an Uncle to Wade and Jack.  The boys felt pretty important on the golf course this day, every villager within miles soon knew they were my boys."  Based on my review, these

---

[2] As set forth below, I have personally interviewed MORROW and am familiar with his appearance.

            [Instrumentality Protocol]

boys appear to be some of the same boys who are depicted nude in the images uploaded to MORROW's Flickr accounts.

### D.   MORROW'S ARRIVAL AT LAX

8.     Based on my participation in the investigation, review of reports, and conversations with other officers, I learned that on or about May 26, 2015, MORROW arrived at Los Angeles International Airport ("LAX") on United Airlines flight 033, from Malaysia. United States Customs and Border Protection ("CBP") referred MORROW to their secondary baggage examination area where other passengers were also present. The CBP Officer asked MORROW secondary screening questions and conducted a baggage examination. Upon completing the baggage examination, the CBP Officer informed me that he had identified multiple media devices in MORROW's luggage. At that time MORROW was escorted to an interview room.

9.     I was present in the interview room along with HSI SA My Bach. SA Bach and I then introduced ourselves and engaged in the following conversation with MORROW:

a.     I asked MORROW about his flight and if he had any plans once he arrived to his final destination in Phoenix, Arizona. MORROW stated that he was going to see his daughter's graduation. I asked MORROW if he had a telephone number and email address he could provide for contact purposes. MORROW provided the telephone number (602) 903-2040, the same phone number provided in the subscriber information for the Flickr account described above. MORROW also provided me with the email address kj.morrow@yahoo.com, which is the same as the alternate email address provided in the subscriber information for the Flickr account described above.

b.     I proceeded to inform MORROW that he was not under arrest but read his *Miranda* rights to him out of an abundance of caution. Once I informed MORROW that we wanted to speak about his online activity, MORROW requested an attorney. The interview ceased at that time.

[Instrumentality Protocol]

### E.   BORDER SEARCH OF DIGITAL DEVICES

10.     Following the interview, MORROW was informed that agents would be detaining

his media devices for the purposes of conducting a border search.  Eight items were detained at

that time and listed on DHS Form 6051A Number 0185014 (Custody Receipt For Detained Or

Seized Items).  Those items are (collectively, the SUBJECT DIGITAL DEVICES) as follows:

        a.      Canon EOS M Camera – Serial Number 026492200650 [SUBJECT
DIGITAL DEVICE 1];

        b.      Sony HDR-CX12 Video Camera – Serial Number 134105 [SUBJECT
DIGITAL DEVICE 2];

        c.      Apple iPad – Serial Number DLXJRG31F19K [SUBJECT DIGITAL
DEVICE 3];

        d.      Samsung Cellphone – Serial Number RF8FA0VM23Y [SUBJECT
DIGITAL DEVICE 4];

        e.      Apple Laptop Computer – Serial Number C02G721CDRJG [SUBJECT
DIGITAL DEVICE 5];

        f.      16 Gigabyte PNY Memory Card [SUBJECT DIGITAL DEVICE 6];

        g.      16 Gigabyte Sandisk Memory Card [SUBJECT DIGITAL DEVICE 7];

        h.      Canon EOS Rebel TSi Camera – Serial Number 212032021267
[SUBJECT DIGITAL DEVICE 8].

11.     MORROW was provided a copy of the DHS Form 6051D for his records as to

what items were detained and MORROW then exited the CBP secondary area.  Based on

messages I have received from an attorney purporting to represent MORROW, I believe he is

presently in the Phoenix, Arizona area.

12.     On or about May 26, 2015, the same day that HSI agents detained the SUBJECT

DIGITAL DEVICES, those devices were transported to the HSI computer forensic laboratory in

Long Beach, California.  At the forensic laboratory, the SUBJECT DIGITAL DEVICES were

[Instrumentality Protocol]

turned over to Computer Forensic Agent ("CFA") Margaret Condon, who began the border search that same day, May 26, 2015.

13.     Based on my conversations with CFA Condon and CFA Tu Vo, I know that HSI agents found images and videos of suspected child pornography on several of the SUBJECT DIGITAL DEVICES. For example, agents searched the Apple Laptop Computer (SUBJECT DIGITAL DEVICE 5) and found images and videos suggesting that MORROW had produced child pornography in which he had sexual contact with minors, including the following:

a.      In a folder entitled "Import," agents found a video file titled "April8 Wade Cum.mov." The folder in which the video was found was in the main user directory of the laptop computer and was not in deleted or unallocated space. The video is approximately 10 minutes and 50 seconds in duration. At approximately eight minutes and 44 seconds into the video, it depicts an adult male and a minor boy who appears to be approximately 12 years old. The boy is nude and lying on his back on a bed. The adult male is wearing only shorts and is sitting on the end of the bed where the boy's feet are. The adult male has the boy's legs pulled up onto his lap as to make the boy's penis more accessible. The adult male is manually stimulating the boy's penis with his right hand and manually stimulating the boy's testicles with his left hand. The boy has just ejaculated onto his abdomen. It should be noted that the adult male's face cannot be seen, however you can hear the adult male talking to the boy. Based on the interview I conducted of MORROW at LAX, I recognized the voice in the video as that of MORROW. Additionally, the adult male's left arm is visible in the video and has a tattoo of a green dragon, similar to the green dragon tattoo MORROW has on his left arm that I observed on MORROW's publically-available Facebook photos.

b.      In a folder entitled "iMovie Thumbnails," agents found a video file titled "J with dild-quicktime." The folder in which the video was found was in the main user directory of the laptop computer and was not in deleted or unallocated space. The video is approximately two minutes and 47 seconds in duration. At approximately one minute and 29 seconds into the video, it depicts a minor boy who appears to be approximately 8 years old and an adult male.

[Instrumentality Protocol]

Only the face and right arm of the adult male is visible to the viewer.  The boy is nude and lying on his back with his legs spread on a bed.  The adult male is wearing a black bandana with white skulls on it and is lying between the boy's legs.  The adult male has the boy's penis in his mouth.  Additionally, the adult male's right arm is visible in the video and he has a tattoo of an American flag, similar to the American flag tattoo MORROW has on his right arm that I observed while searching his media devices for contraband.  Although only partially visible, the adult male's face appears to be that of MORROW.

        c.      In a folder entitled "20141016-014036", agents found an image file titled "img_0128."  The folder in which the image was found was in the main user directory of the laptop computer and was not in deleted or unallocated space.  The image depicts the penis of a minor boy who appears to be between eight and 10 years old.  The photo is a close-up and the only visible area is that of the boy's penis, anus, inner thighs, and lower abdomen.  The Exchangeable Image Format ("EXIF") data associated with a digital photo may identify the date and time the image was taken, model of the camera, and the name of the individual that may have owned/registered the camera. The EXIF data for this image identifies the camera used to take this photo was a Canon EOS REBEL T2i.  Additionally, the artist, or the name that has been attributed to the Canon EOS REBEL T2i, is KJ.Marrow.

        d.      In a folder entitled "20141016-014036," agents found an image file titled "img_2216."  The folder in which the image was found was in the main user directory of the laptop computer and was not in deleted or unallocated space.  The image depicts two minor boys who appear to be between eight and 12 years old.  Both are nude and sitting on a couch.  One of the boys has his legs spread so as to make his penis visible for the camera.  The second boy, who also appears to be the older of the two boys, has his legs pulled up to his chest, and his penis is readily visible for the camera.  The EXIF data for this image indicates that the image was taken with a Canon EOS M, the same type as one of the cameras that was seized from MORROW upon his entry at LAX.

12

     e.     I have viewed each of the four images described above, and, based on my experience investigating child pornography cases involving the use of computers, the internet, and digital images, I believe that each of the minors depicted in the images are real persons. Although I am not an expert in digital imaging technology, I did not see any indication that the images had been digitally altered.

     14.     In addition to child pornography that MORROW may have produced himself, from my conversations with CFA Condon and CFA Vo, I know that several of the SUBJECT DIGITAL DEVICES also contained child pornography that appears to have been downloaded from the Internet or obtained from other users (i.e., not created by MORROW). Based on the border search conducted so far, agents have found approximately 64,000 images and videos of suspected child pornography on the Apple Laptop Computer (SUBJECT DIGITAL DEVICE 5). Based on my training and experience, familiarity with known "series" of child pornography, and the file paths and naming conventions of some of these files, I believe that MORROW obtained some of those images and videos from the Internet or third party sources. Specifically, SA Kelly Kottas and I have identified images that we believe are from the following "series" of child pornography images that have been identified by NCMEC as containing child pornography of identified child victims: "Candle," "Dalmation," and "LS Magazine." Among the images and videos on the Apple Laptop Computer (SUBJECT DIGITAL DEVICE 5) that I believe MORROW would have purchased/received/downloaded are the following:

     a.     An image file entitled "12962138983.jpg" which depicts a Hispanic pre-pubescent boy, wearing a black shirt staring at the screen. The tip of what appears to be an adult male's erect penis is inserted into the boy's mouth. The boy's face is clearly visible in the image. This image was in file path: Users\KJM\Pictures\iPhoto Library_3.photolibrary\Masters\2014\10\16\20141016-012511\12962138983.jpg. Although not a recognized series, this image does not appear to depict any of the boys identified in the child pornography produced by MORROW.

13

[Instrumentality Protocol]

b.      An image file entitled "132606453936.jpg" which depicts a black, naked pre-pubescent boy, holding with both hands what appears to be a black adult male's erect penis. Behind the boy is a blanket or sheet with striped patterns and multi colored, triangular design. The boy's face is clearly visible in the image. This image was stored in file path: Users\KJM\Pictures\iPhoto Library_3.photolibrary\Masters\2014\07\14\20140714-223938\132606453936.jpg.  Although not a recognized series, this image does not appear to depict any of the boys identified in the child pornography produced by MORROW.

c.      An image file entitled, "6667011BIw.jpg" which depicts a naked Caucasian boy, approximately 10 to 12 years old, lying on a red couch with his legs apart and exposing his erect penis and anus towards the camera.  This image appears to depict the known minor victim from NCMEC-identified "Candle" series.  The image was stored in file path: Users\KJM\Downloads\William\6667011BIw.jpg.

15.     Based on my conversations with CFA Condon and CFA Vo, as of the date of this affidavit, HSI agents have completed a forensic search of the two 16-gigabyte flash drives that were seized (SUBJECT DIGITAL DEVICE 6 and SUBJECT DIGITAL DEVICE 7).  Among the thousands of image files located on the two flash drives were pictures of naked children at the beach, including some photos of naked boys taken while the child was bending over and exposing the child's genitals.  As of the date of this affidavit, the Apple iPad (SUBJECT DIGITAL DEVICE 3) and Samsung cellphone (SUBJECT DIGITAL DEVICE 4) have not been reviewed because they are password-protected.

/ / /

/ / /

/ / /

14

[Instrumentality Protocol]

## V.   CONCLUSION

16.     Based on facts set forth above, I submit that probable cause exists for the issuance of a criminal complaint and arrest warrant charging Kelly James MORROW with violations of 18 U.S.C. §§ 2252A(a)(1) (Transportation of Child Pornography), and 2252A(a)(5)(B) (Possession of Child Pornography).

_____

Aaron McClellan, Special Agent
Department of Homeland Security
Homeland Security Investigations

Subscribed to and sworn before me
this ___ day of June, 2015.

### ANDREW J. WISTRICH

_____
HONORABLE ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE

15

[Instrumentality Protocol]