**Law Offices of David Michael Cantor, P.C.**
One E. Washington Street, Suite 1800
Phoenix, Arizona 85004
Telephone: (602) 307-0808
Facsimile: (602) 255-0707
**Joey Hamby SBN #15775**
**Elizabeth Mullins SBN#25315**
j.hamby@dmcantor.com
e.mullins@dmcantor.com
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Kelly James Morrow,<br><br>　　　　Defendant. | Case No.: CR 15-341-SJO<br><br>DEFENDANT'S OBJECTION TO THE PRESENTENCE REPORT |

Defendant, by and through undersigned counsel, submits the following objections to the Presentence Investigation Report, dated June 13, 2016, for the reasons outlined in the following Memorandum of Points and Authorities.

**RESPECTFULLY SUBMITTED** this 24th day of June, 2016.

_____
Elizabeth Mullins
Law Offices of David Michael Cantor, P.C.
1 East Washington St., Suite 1800
Phoenix, Arizona 85004

### MEMORANDUM OF POINTS AND AUTHORITIES

#### I. FACTUAL BACKGROUND

As described in the Criminal Complaint and Affidavit filed June 4, 2015, on or about May 25, 2015, Department of Homeland Security Special Agent Aaron McClellan received information that Kelly Morrow had registered one or more file-sharing accounts on the Yahoo!-owned website, "Flickr." Yahoo! had closed the accounts registered to Mr. Morrow based on violations of rules related to child pornography. On May 26, 2015, Mr. Morrow arrived at Los Angeles International Airport (LAX) from Malaysia. He was detained and his electronic devices were seized.

A subsequent forensic examination of Mr. Morrow's electronic devices yielded images and videos suggesting that Mr. Morrow had recorded himself having sexual contact with four minor boys. Approximately 60,000 images of downloaded child pornography were also located on Mr. Morrow's laptop. There was no evidence that Mr. Morrow had ever uploaded, shared, or distributed any images to any other person. On June 5, 2015, Mr. Morrow was arrested at LAX.

On April 7, 2016, Mr. Morrow entered a plea agreement with the Government in which he pled guilty to both counts of the First Superseding Information: Sexual Exploitation of Children Outside of the United States, in violation of 18 U.S.C. §2251(c)(1), (c)(2)(A), (B); and Possession of Child Pornography, in violation of 18 U.S.C. §2252A(a)(5)(B), (b)(2).

The parties have stipulated to a total offense level of 40, and have agreed that an appropriate disposition is a sentence of 15 to 30 years imprisonment, a lifetime of supervised release with conditions delineated in the plea agreement. (See Plea Agreement ¶21).

## II. OBJECTIONS

**A.      Paragraphs 74 and 138:** The PSR applies a five-level increase pursuant to USSG §4B1.5(b). The PSR asserts that §4B1.5(b) applies because Mr. Morrow's "conduct involved occasions of sexual conduct with multiple victims, occurring in both China and the United States (Lincoln, Nebraska)." (See PSR ¶¶ 72-74). The PSR is distinguishing the victims of Groups 1-4, located in China, from the victim in Group 5, "K.T." located in Nebraska. The simultaneous application of §§2G2.2(b)(5), 3D1.4(a), and 4B1.5(b) constitutes impermissible double counting.

Impermissible double counting occurs "where one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by the application of another part of the Guidelines." *United States v. Archdale*, 229 F.3d 861, 869 (9th Cir. 2000) citing *United States v. Reese,* 2 F.3d 870, 895 (9th Cir. 1993). Other circuits have held the simultaneous application of §2G2.2(b)(5) and §4B1.5(b) does not constitute impermissible double counting.[1] Likewise, other circuits have held the simultaneous application of §3D1.4(a) and §4B1.5(b) does not constitute impermissible double counting.[2] Defense counsel cannot find a case where a court has addressed the simultaneous application of all three sections, §§2G2.2(b)(5), 3D1.4(a), and 4B1.5(b).

Moreover, although the crime of conviction may be counted as an occasion of prohibited sexual conduct for purposes of identifying a pattern of activity to apply §4B1.5(b), the Ninth Circuit has not held that §4B1.5(b) may apply where the *only* pattern of activity is conduct specified in the offense of conviction.

As reflected in the plea agreement, Mr. Morrow is subject to a five-level increase under §2G2.2(b)(5) for engaging "in a pattern of activity involving the sexual abuse or exploitation of

---

[1] *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014); *United States v. Carter*, 292 Fed.Appx. 16, 20 (11th Cir. 2008).
[2] *United States v. Von Loh*, 417 F.3d 710, 714 (7th Cir. 2005); *United States v. Fadl*, 498 F.3d 862, 867 (8th Cir. 2007), cert. denied, 552 U.S. 1220, 128 S.Ct. 1318 (2008).

- 3 -

a minor." He is also subject to a five-level increase under §§2G2.1(d)(1) and 3D1.4(a) because the exploitation involved more than one minor. (See Plea Agreement ¶19). The background commentary of §3D1.4(a) states "[i]n unusual circumstances, the approach adopted in this section could produce adjustments for the additional counts that are inadequate or excessive." Applying the multiple count adjustment increase in §3D1.4(a) to the pattern of activity increase in §2G2.2(b)(5), adequately enhances the guideline range and serves the distinctly different goals of the guidelines. There are no additional allegations in the PSR that have not already been specifically identified and addressed in the agreed upon Sentencing Guideline factors in the plea agreement. (See Plea Agreement ¶19). Applying an additional five-level increase under §4B1.5(b) for engaging "in a pattern of activity involving prohibited sexual conduct," as requested by the United States Probation Office, would punish Mr. Morrow for harm that has already been fully accounted for by the application of §§2G2.2(b)(5) and 3D1.4(a). This is, in part, why §4B1.5(b) was not referenced in the Rule 11(c)(1)(C) plea agreement. In this situation, the simultaneous application of all three sections, §§2G2.2(b)(5), 3D1.4(a), and 4B1.5(b), constitutes impermissible double counting and the excessive punishment described in the commentary to §3D1.4(a).[3]

**B.  Paragraphs 75 and 137:** The PSR states the total offense level is 45 and the guideline range of imprisonment is life. (See PSR ¶¶75, 137). However, as indicated in section 3, *supra*, §4B1.5(b) should not apply and the appropriate offense level is 40, as stipulated by the parties. (See Plea Agreement ¶19). The guideline imprisonment range for a total offense level of 40 is 292 – 365 months.

The PSR notes that assuming a total offense level of 45, the statutorily authorized maximum sentences are less than the maximum of the applicable guideline range; therefore, the

---

[3] To the extent any language in the Guideline or its Commentary is ambiguous it should be read in the defendant's favor. *See United States v. R.L.C.*, 503 U.S. 291, 293, 112 S.Ct. 1329 (1992); *See also United States v. Boyd*, 721 F.3d 1259, 1263 (10th Cir. 2013), citing *United States v. Manatau*, 647 F.3d 1048, 1055 (10th Cir. 2011) (if there is an unresolvable ambiguity in the guidelines, the rule of lenity counsels courts to interpret them "to avoid an increase in the penalty prescribed for the offense." (internal quotation marks omitted)).

guideline range is 600 months.[4] (See PSR ¶137). U.S.S.G. §5G1.2(c) states "[i]f the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts *shall* run concurrently, except to the extent otherwise required by law." (Emphasis added). Here, the statutory maximum on Count 1 is 30 years and the agreed range of sentence is 15 to 30 years. That agreed range is certainly adequate to achieve the appropriate total level of punishment in this case.

      **C.**     **Paragraph 108:** Mr. Morrow's mother no longer resides in Gilbert, Arizona. During the pendency of this case, she sold her home in Hastings, Nebraska, and briefly moved to Gilbert, Arizona. However, she has since returned to Hastings, Nebraska.

      **D.**     **Paragraph 115:** Mr. Morrow's mother also currently struggles with alcoholism.

      **E.**     **Paragraph 160:** The parties have agreed that an appropriate disposition is a range of sentence of 15 to 30 years imprisonment and a lifetime of supervised release with conditions delineated in the plea agreement. Pursuant to 18 U.S.C. §3553(a)(1) and (a)(2), the Court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant as well as the need for the sentence imposed to protect the public from further crimes of the defendant and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Mr. Morrow is 49 years old. If the Rule 11(c)(1)(C) plea agreement is accepted by this Court, he will be 64 to 79 years old when he is released from the Bureau of Prisons to begin lifetime supervised release. His advanced age upon release, and the stringent conditions of supervised release, will serve to both protect the public from further crimes and to allow for his anticipated geriatric medical care to be administered in a more effective manner than the 50-year sentence recommended in the PSR.

---

[4] The maximum term of imprisonment for count 1 is 30 years. 18 U.S.C. §2251(e). The maximum term of imprisonment for count 2 is 20 years. 18 U.S.C. §2252A(b)(2).

## III. SENTENCE CALCULATION

Given the foregoing objections, Mr. Morrow submits the sentence calculation agreed to by the parties is applicable. (See Plea Agreement ¶19).

**RESPECTFULLY SUBMITTED** this 24th day of June, 2016.

**Elizabeth Mullins**
Law Offices of David Michael Cantor, P.C.
1 East Washington St., Suite 1800
Phoenix, Arizona 85004

### Certificate of Service

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing:

Honorable S. James Otero
United States District Judge
Central District of California

Robyn Bacon
Assistant United States Attorney

By: _____