EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
ROBYN K. BACON (Cal. Bar No. 251048)
Assistant United States Attorney
Deputy Chief, General Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4667
     Facsimile: (213) 894-3713
     E-mail:    robyn.bacon@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-341-SJO |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Hearing Date: July 18, 2016 |
| KELLY JAMES MORROW, | Hearing Time: 9:00 a.m. |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Robyn K. Bacon, hereby files its Sentencing Position for defendant Kelly James Morrow.

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the court may permit.

Dated: July 14, 2016        Respectfully submitted,

                            EILEEN M. DECKER
                            United States Attorney

                            LAWRENCE S. MIDDLETON
                            Assistant United States Attorney
                            Chief, Criminal Division


                                  /s/
                            ROBYN K. BACON
                            Assistant United States Attorney

                            Attorneys for Plaintiff
                            UNITED STATES OF AMERICA

## **MEMORANDUM OF POINTS AND AUTHORITIES**

For the reasons set forth below and in accordance with the plea agreement, the government recommends a sentence for defendant Kelly James Morrow of 30 years imprisonment, lifetime supervised release, and a $200 special assessment. In addition, pursuant to 18 U.S.C. § 3664(d)(5), the government requests a hearing no later than 90 days after the sentencing hearing for final determination of victim losses and restitution.

### I.  FACTUAL BACKGROUND

On May 26, 2015, defendant Kelly James Morrow ("defendant") was stopped at LAX while traveling from Asia to Arizona. He had in his luggage a laptop computer and other digital devices that contained thousands of images of child pornography. His collection included over 60,000 pictures and videos downloaded from the internet of the sexual exploitation of children as young as toddlers. But, more seriously, defendant also had in his possession thousands of homemade pictures and videos of boys defendant had been systematically sexually abusing while living in China. In fact, for years, while holding himself out in public as a friend and mentor to "Eric," "Wade," "Jack," "Jake," and other village children,[1] defendant was taking lewd photographs of the boys, who were under 12 years old at the time, and recording videos of himself performing sex acts on them. Defendant thus compounded the tragedy of their abuse by collecting and saving these images on his computer.

---

[1] For example, in Facebook posts from the same time period, defendant posted pictures of himself with the boys, meeting his brother and at the golf course where defendant worked, speaking in familial terms of their relationship, calling them "my boys" and referring to himself as their "uncle." (See Complaint, ¶ 7.)

1

On April 7, 2016, pursuant to a binding plea agreement, defendant pled guilty to a two-count First Superseding Information charging him with Sexual Exploitation of Children outside the United States and Possession of Child Pornography, in violation of 18 U.S.C. §§ 2251(c)(1), (c)(2)(A), (c)(2)(B) and 2252A(a)(5)(B), (b)(2), respectively.

**II. PRE-SENTENCE REPORT AND SENTENCING GUIDELINE CALCULATIONS**

On July 11, 2016, the United States Probation Office ("USPO") disclosed its Revised Pre-Sentence Investigation Report ("PSR"), which calculated defendant's total offense level as 44, his criminal history category as category I, and his advisory guideline range as 50 years' imprisonment. However, in their plea agreement, the parties calculated defendant's total offense level as 40 and his advisory guideline range as 292-365 months. To the extent that the USPO's calculation differs from the guideline calculation agreed upon by the parties, the government objects to the PSR and adopts the guideline calculations set forth in the plea agreement.

**III. GOVERNMENT'S SENTENCING POSITION**

For the reasons set forth below and pursuant to the terms of the parties' binding plea agreement, the government recommends a guideline sentence of 360-months imprisonment, lifetime supervised release, and a mandatory special assessment of $200. The government's proposed sentence is reasonable and accords with the factors set forth in 18 U.S.C. § 3553(a).

The seriousness of defendant's crime cannot be overstated. Defendant is a sexual predator who preyed on vulnerable victims – young boys – by befriending them before abusing both their trust and their bodies. By his own admission, defendant took advantage of his

relationship with the boys and their families – a relationship that was, on its surface, supportive and nurturing – for his sexual gratification and, even worse, he chose to document and preserve this abuse by: creating thousands of photographs that depicted the boys naked or barely clothed in sexualized positions, often while the boys were engaged in otherwise innocent activity (such as watching TV, playing video games or swimming); recording videos of himself engaging in sex acts with the boys; and saving these images and videos as part of the sizeable child pornography collection on his computer.

No less serious than his production of child pornography is defendant's massive collection of downloaded child pornography images and videos, graphic depictions of the sexual exploitation of children as young as toddlers.  His decision to collect and view those images of sexual abuse re-victimized every child depicted in every photo while his willingness to find and download these images from the internet fed a global market that not only encourages the abuse of more children, but also the memorialization and dissemination of that abuse.  The harm this trade causes children is immeasurable and irreparable, and defendant, though he did not commit the acts himself with these victims, nevertheless bears responsibility for his contribution to their suffering.  See PSR ¶ 16; United States v. Boos, 127 F.3d 1207, 1210 (9th Cir. 1997).

Defendant's conduct demonstrates that he presents an ongoing danger to the community and to the children around him – even after leaving China, defendant continued his predatory behavior, taking exploitative pictures of K.T. during a trip to the United States – and has victimized numerous children, not only the ones identified

in the papers in this case, but the hundreds of exploited children depicted in his collection. Any sentence imposed must reflect the gravity of defendant's crime. Accordingly, the government recommends a guideline sentence of 30 years as a sentence that is sufficient but not greater than necessary to account for the nature of the crime, deter defendant and others from committing similar crimes, protect the public from defendant and promote respect for the laws protecting children from this kind of harm.

In addition, the government's proposed sentence properly accounts for defendant's history and characteristics. As set forth in defendant's papers and the PSR, defendant had a difficult upbringing, including abuse by an older man, who – like defendant – preyed on vulnerable young boys, and his personal and criminal history demonstrates an ongoing struggle with substance abuse. These are undoubtedly contributed to defendant's conduct here and are, accordingly, important considerations for this Court when determining his sentence. However, although defendant's personal history certainly helps to explain his behavior, it cannot excuse it. Defendant may be a victim himself, but he must also be held accountable for his decision to victimize others. Defendant did more than just repeat a pattern of abuse. He watched and collected pictures and movies of the rape and molestation of thousands of children; and he himself molested and performed oral sex on boys, while preserving his bad acts with his camera. Defendant has created a legacy of pain and suffering in others more than equal to his own and any sentence imposed in this case must take that into account, as well as his history.

**IV.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that defendant be sentenced to a term of 360-months' imprisonment, a lifetime term of supervised release, and a $200 special assessment. In addition, pursuant to 18 U.S.C. § 3664(d)(5), the government requests a hearing no later than 90 days after the sentencing hearing for final determination of victim losses and restitution.